# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0670V
Filed: August 31, 2018
UNPUBLISHED

| | |
|---|---|
| CHRISTINE PEARSON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Clifford John Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioner.*
*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On May 22, 2017, Christine Pearson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on October 13, 2016. Petition at 1-2. On May 8, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 38).

      On August 15, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 42). Petitioner requests attorneys' fees in the amount of $19,365.85 and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $630.64.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $19,996.49.

Respondent has not filed a response.

The undersigned has reviewed the billing records submitted with petitioner's request and finds it necessary to reduce the following attorney rates and hours billed.

With regard to Sabrina Knickelbein's requested hourly rate of $396 for work performed in 2018, the undersigned finds the proposed rate excessive based on her overall legal experience, the quality of work performed, her experience in the Vaccine Program, and her reputation in the legal community and the community at large.  *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).  The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. HHS,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. HHS*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. HHS*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).  Under the Court's Fee Schedule, an attorney in the range of 11 – 19 years of experience are entitled to hourly rates between $317 - $396 for work performed in 2018.[3]

Ms. Knickelbein was awarded a rate of $378 per hour for work performed in 2017. Her increase for 2018, based on the Producer Price Index for the "Office of Lawyers" (PPI-OL), provided by the Department of Labor Bureau of Labor Statistics, would result in a rate of $391 per hour, which is a more appropriate rate given the undersigned's experience and analysis of the *McCulloch* factors. Therefore, the undersigned **reduces the fee request by $3.13**.[4]

Attorney Renee J. Gentry billed 0.2 hours in 2018 at a rate of $439 per hour. (ECF No. 42 at 13). The undersigned shall reduce Ms. Gentry's hourly rate to the previously awarded rate of $435 for 2018.  *See Simkiss v. Sec'y of Health & Human Servs.,* No. 15-1127V, 2018 WL 1834197, at *2 (Fed. Cl. Spec. Mstr. February 22, 2018) (setting Ms. Gentry's rate for 2018). This results in **a reduction of fees in the amount of $0.80**.

---

[3] The Attorneys' Fee Schedule for 2018 is available at http://www.cofc.uscourts.gov/node/2914

[4] This amount is calculated by reducing the requested rate by the awarded rate multiplied by hours billed. ($396 - $391 = $5 * 1.6 = $3.13).

2

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $19,992.56[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Clifford John Shoemaker.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.